An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT C. CRACIUN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63060



FILED

OCT 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of possession of a stolen vehicle. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant contends that the State failed to disclose evidence favorable to him, *see Brady v. Maryland*, 373 U.S. 83 (1963), thereby violating his constitutional due process rights. According to appellant, the prosecutor subpoenaed Patrick Johnson, who was with appellant when he was apprehended for the instant offense, to appear at trial. And, during a recess at trial, the prosecutor spoke with Johnson and decided not to call him as a witness. Appellant represents that he was unaware of Johnson's appearance for trial or the prosecutor's conversation with him until the parties spoke with the jury after trial and the prosecutor explained that Johnson had appeared for the trial but the prosecutor elected not to call him as a witness because he would have incriminated himself, implicating the Fifth Amendment. Appellant suggests that because Johnson's statement incriminated him, the prosecutor should have disclosed it to the defense, as it would have exonerated appellant had it been presented to the jury.

13-31009

We conclude that appellant has presented nothing more than a bare allegation of error. That Johnson's statement to the prosecutor purportedly incriminated him does not establish that it was exculpatory or otherwise satisfied *Brady*, *see State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 95 (2012) (explaining the requirements to establish a *Brady* violation), *cert. denied*, 568 U.S. ___, 133 S. Ct. 988 (2013), thereby obligating the prosecutor to disclose it. And it does not appear that Johnson's statement was discoverable under NRS 174.235(1) (obligating the prosecution to disclose written or recorded statements made by witnesses that prosecution intends to call in its case in chief). Moreover, Johnson's name appeared on the prosecution's witness list, and appellant does not suggest that he was unable to interview Johnson in preparation for trial. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc:   Hon. David B. Barker, District Judge
Roger P. Croteau & Associates, Ltd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk